IN THE UNITED STATES DISTRICT COURT
STATE OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Central Plains Ag Services LLC,<br><br>                                              Plaintiff,<br><br>   -vs-<br><br>Nationwide Agribusiness Insurance Company,<br><br>                                              Defendant. | Case No.<br><br>**AFFIDAVIT OF JOSEPH A. WETCH, JR.<br>IN SUPPORT OF REMOVAL** |

STATE OF NORTH DAKOTA
COUNTY OF CASS

[1]      Joseph A. Wetch, being first duly sworn on oath, states:

[2]      I represent Nationwide Agribusiness Insurance Company ("Nationwide") in the above-captioned matter and I submit this Affidavit in Support of its Notice of Removal.

[3]      Attached hereto as <u>Exhibit A</u> is true and correct copies of the Summons and Complaint in the above-captioned matter.

[4]      Attached hereto as <u>Exhibit B</u> is a true and correct copy of Notice of Service of Process concerning the Summons and Complaint in the above-captioned matter.

[5]      Other than the Summons, Complaint and Notice of Services of Process, to date, Nationwide has received no other process, order, or pleading in connection to this action.

[6]      Further your affiant sayeth not.

Dated: October 4, 2018

*Joseph A. Wetch Jr.*
Joseph A. Wetch, Jr. (#05788)
SERKLAND LAW FIRM
10 Roberts Street North
P.O. Box 6017
Fargo, ND 58108-6017
701.232.8957
jwetch@serklandlaw.com

Subscribed and sworn to before me on this <u>4th</u> day of October, 2018.

*Karen Davis*
Notary Public

KAREN DAVIS
Notary Public
State of North Dakota
My Commission Expires Feb 8, 2023

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF GRIGGS | SOUTHEAST JUDICIAL DISTRICT |

| | |
|---|---|
| Central Plains Ag Services LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Nationwide Agribusiness Insurance Company,<br><br>        Defendant. | Case No. _____<br><br><br>**SUMMONS** |

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANT:

[¶1]   You are hereby summoned and required to appear and defend against the Complaint in this action which is herewith served upon you by serving upon the undersigned an Answer or other proper response within twenty-one (21) days of service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this 11th day of September, 2018.

VOGEL LAW FIRM

BY: Steven F. Lamb (#04313)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
Email:    slamb@vogellaw.com
          sfllitgroup@vogellaw.com (service)
ATTORNEYS FOR PLAINTIFF

3388423.1

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF GRIGGS | SOUTHEAST JUDICIAL DISTRICT |

| | |
|---|---|
| Central Plains Ag Services LLC,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Agribusiness Insurance Company,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT** |

[¶1]   Plaintiff, Central Plains Ag Services, LLC (hereinafter "Central Plains"), as and for their Complaint against Defendant, Nationwide Agribusiness Insurance Company, (hereinafter "Nationwide") states and alleges as follows:

## PARTIES AND JURISDICTION

[¶2]   1.   Plaintiff, Central Plains Ag, is a North Dakota limited liability corporation, located in Hannaford, North Dakota and authorized to do business in North Dakota.

[¶3]   2.   Defendant, Nationwide, is a corporation authorized and licensed to conduct insurance business and engaged in the business of insurance in the State of North Dakota with its principal place of business located in Des Moines, Iowa.

[¶4]   3.   This Court has personal jurisdiction over Nationwide and subject matter jurisdiction of the claims asserted in this case.

## FACTS

[¶5]   1.   At all times relevant for purposes of this action and for the payment and receipt of annual premium money to Nationwide, Central Plains was issued and was insured under a Commercial Output Program insurance Policy number (COP127231A) with a "Building

3384317.1

Property and Business Personal Property excluding 'stock', 'mobile equipment', and 'computers'" limit of $25,921,000.00 (hereinafter referred to as "the policy").

[¶6]   2.   The policy and declarations provisions contain the Insuring Agreement and include under PROPERTY COVERED the policy covers the following property:

"BUILDING PROPERTY

1. Covered Building Property. Covered building Property means buildings and structures and:

i.   Foundations of buildings, structures, machinery, or boilers."

[¶7]   3.   Central Plains had two Brock steel grain bins (hereinafter referred to as "grain bins") collapse on September 16, 2015 in Hannaford, ND.

[¶8]   4.   Nationwide provided insurance coverage under the policy including payment for replacement of the grain bins and also for the removal the concrete foundation of the grain bins (hereinafter referred to as "foundation").

[¶9]   5.   Nationwide has refused to pay for the soil and concrete work related to replacement of the foundation for the grain bins.

[¶10]   6.   On or about November 2015 Nationwide issued an undated Reservation of Rights letter addressed to Central Plains that indicated that potential coverage questions were being investigated relating to exclusions in the policy "concerning previous damage or design to the concrete under both bins involved in this loss."

[¶11]   7.   Central Plains paid $1,348,757.74 for the replacement of the grain bins foundation including the soil and concrete work related to replacement of the foundation for the grain bins.

[¶12]   8.   On or about April 11, 2018 Central Plains issued a demand letter to Randy Mehrer, Field Consultant for Nationwide, and demanded coverage under the policy and reimbursement for the costs of the foundation.

[¶13]   9.   On August 9, 2018 Nationwide sent a letter to Central Plains denying coverage for the September 16, 2015 damages on the sole basis that Nationwide claimed that the coverage for the foundation is excluded under the policy under Exclusion (f) and (o); and that no covered peril caused the damage in the occurrence reported on September 16, 2015.

[¶14]   10.   Central Plains maintains that the Nationwide must provide coverage for replacement of the foundations including coverage extended to Central Plains under the policy for:

> PROPERTY COVERED, Building Property, i. foundations (pages 6 and 7 of 31);
>
> Exception to PROPERTY NOT COVERED, 7. Cost of Excavation (page 8 of 31);
>
> SUPPLEMENTAL COVERAGES, 5. Ordinance or Law (Pages 12 of 31);
>
> PERILS COVERED (page 17 of 31);
>
> Exception to PERILS EXCLUDED (Page 5 of 31);
>
> OTHER COVERAGES, Paragraph 1. Collapse (Page 24 of 31).

## COUNT I
## BREACH OF CONTRACT OF INSURANCE

[¶15]   11.   Central Plains restates and incorporate herein by reference the allegations in paragraphs 1 through 10 above.

3

3384317.1

[¶16]   12.   The policy is a contract between Central Plains and Nationwide for which Central Plains paid significant premiums as consideration in exchange for the insurance coverage protection promised by Nationwide.

[¶17]   13.   Central Plains performed all conditions precedent necessary to obligate Nationwide to perform under the policy, including payment of premiums and compliance with the policies requirements.

[¶18]   14.   Nationwide has refused to perform under the policy by not paying for all of the direct losses or damages that resulted from the September 16, 2015 grain bin collapse, which included replacement of the foundation.

[¶19]   15.   As a direct and proximate result of Nationwide's refusal to fully perform under the policy and consequential breach of its contractual obligations to Central Plains, Central Plains has suffered and is entitled to recover damages against Nationwide in an amount in excess of $50,000.00, the exact amount to be determined at trial, and including the $1,348,757.74 Central Plains has paid to replace the foundation that was demolished and removed from the site following the grain bin collapse.

## COUNT II

## DECLARATORY JUDGMENT

[¶20]   16.   Central Plains restates and incorporate herein by reference the allegations in paragraphs 1 through 15 above.

[¶21]   17.   Nationwide has acknowledged coverage under the policy for damages to the Property from the grain bin collapse. However, Nationwide has failed to adjust and pay the loss and damages for replacement of the foundation, which is in contravention of the express language of the policy.

[¶22]   18.   There is a real and justiciable controversy between Central Plains and Nationwide over whether Nationwide is obligated to pay for replacement of the foundation and any resulting loss.

[¶23]   19.   The provisions of the policy must be construed against Nationwide.

[¶24]   20.   Central Plains is entitled to a judicial declaration that Nationwide is obligated under its policy to pay to replace the Property including the replacing the foundation and any resulting loss.

[¶25]   21.   That there exists a controversy between the parties to this action regarding the scope of coverage, and pursuant to N.D.C.C. Chap 32-23 the court has authority to declare the rights of the parties under "the policy." Central Plains Ag also seeks a declaration that it has insurance coverage under "the policy" including coverage through all endorsements for the claims made in the underlying claim, and/or including Nationwide offer "...to defend any suits arising from the owners at 'our' expense."

[¶26]   22.   As a direct result of Nationwide' breach of contract, Central Plains Ag has incurred and/or will incur damages, including but not limited to attorney's fees and costs incurred in connection with this action.

[¶27]   23.   Central Plains is entitled to a judicial declaration that Nationwide has breached its duty under the policy to pay to fully replace the Property including replacing the foundation and any resulting loss.

## COUNT III

## BAD FAITH AND UNFAIR CLAIM PRACTICES

[¶28]   24.   Central Plains restates and incorporate herein by reference the allegations in paragraphs 1 through 23 above.

3384317.1

[¶29]   25.   At all material times hereto, Nationwide was bound by an implied covenant of good faith and fair dealing with Plaintiff.

[¶30]   26.   Among other things, Nationwide had the following duties and obligations to the Plaintiff: to properly investigate the claim presented by Plaintiff; to properly analyze and consider the insurance coverage provided to Central Plains Ag under Nationwide's policy; to understand the terms and conditions of its policy of insurance; to accurately represent the pertinent facts and policy provisions relating to coverage; to clearly communicate its position regarding the coverage provided; to broadly construe the grants of coverage provided and narrowly construe the policy exclusions and limitations; to construe any ambiguity in the policy in favor of the insured Plaintiff; to attempt to settle; to not unreasonably withhold the payment of insurance benefits provided by Nationwide's policy in exchange for the annual premium paid by Plaintiff; and to not place Nationwide's own financial interest above the interest of its insured, Central Plains Ag.

[¶31]   27.   Nationwide has wrongfully, in bad faith, and in breach of its obligations of good faith and fair dealing, denied and withheld coverage and benefits properly due to Plaintiff under Nationwide's policy, including the breach of duties as follows: failing and refusing to make an adequate investigation and evaluation of the claims before denying benefits due Plaintiff under the policy; acting to deny coverage knowing that it lacked a reasonable basis for doing so; failing and refusing to clearly communicate its position regarding coverage in a timely manner; failing and refusing to provide a reasonable interpretation of the provisions in the policy of insurance or to make a reasonable application of those provisions to the damages sought by the Plaintiff; misrepresenting pertinent facts and policy provisions relating to the coverage at issue; failing to understand the terms of its own Policy and how coverage applies; acting to protect its own

financial interest at the expense of Plaintiff's rights, time, interests and financial well being; refusing to provide coverage for this claim, thereby compelling Plaintiff to retain counsel to initiate this action to recover benefits under Nationwide's policy.

[¶32] 28. Nationwide's conduct was negligent, malicious, fraudulent, and/or oppressive, and/or undertaken knowingly or in reckless disregard of the Plaintiff's rights and interests.

[¶33] 29. As a direct and proximate result of the conduct of Nationwide, Plaintiff has sustained losses and damages.

[¶34] 30. Plaintiff reserves its right to seek amendment of its Complaint to assert a claim for punitive and exemplary damages.

[¶35] 31. That as further evidence of Nationwide's bad faith, Nationwide committed the acts referred to herein without just cause and as part of a general business practice. Such actions are in violation of unfair claims practices of North Dakota Century Code Chapter 26.1-04 and further evidence of Nationwide's breach of the covenant of good faith and fair dealing.

[¶36] WHEREFORE, Central Plains prays for judgment against Nationwide for the following relief:

[¶37] 1. Judgment in favor of Central Plain and against Nationwide for special and general damages in an amount in excess of $50,000.00, the exact amount to be proven at the trial, and including the $1,348,757.74 Central Plains has paid to replace the foundation that was demolished and removed from the site following the grain bin collapse.

[¶38] 2. A judicial decision in favor of Central Plains and against Nationwide declaring that Nationwide is obligated under the policy to pay to replace the Property including replacing the foundation and any resulting loss.

[¶39] 3.   Determining and adjudicating the rights and liabilities of the parties under the Nationwide policy.

[¶40] 4.   Awarding Central Plains attorney fees incurred in being forced to pursue litigation for payment for replacing the damaged property by Nationwide's denial to fully replace the Property (including the foundation) as required under the Nationwide policy; and incurred in the prosecution of this action pursuant to *State Farm Fire & Cas. Co. v. Sigman*, 508 N.W.2d 323, 326 (N.D. 1983); *Prince v. Universal Underwriters Ins. Co.*, 143 N.W.2d 708, 717 (N.D. 1966); and N.D.C.C. Chap 32-23.

[¶41] 5.   Granting Plaintiff leave to amend the Complaint to assert a claim for punitive and exemplary damages;

[¶42] 6.   Judgment in favor of Central Plains and against Nationwide, awarding Central Plains its costs, disbursements and interest herein; and

[¶43] 7.   For such other and further relief as the Court deems just and equitable.

[¶44] PLAINTIFF DEMANDS A JURY TRIAL.

Dated this 11th day of September, 2018.

VOGEL LAW FIRM

BY: Steven F. Lamb (#04313)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: 701.237.6983
Email:    slamb@vogellaw.com
          sfllitgroup@vogellaw.com (service)
ATTORNEYS FOR PLAINTIFF

## Notice of Service of Process

null / ALL
Transmittal Number: 18706113
Date Processed: 09/17/2018

| | |
|---|---|
| Primary Contact: | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Electronic copy provided to: | Ashley Roberts |
| Entity: | Nationwide Agribusiness Insurance Company<br>Entity ID Number 3286268 |
| Entity Served: | Nationwide Agribusiness Insurance Company |
| Title of Action: | Central Plains AG Services LLC vs. Nationwide Agribusiness Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Griggs County District Court, North Dakota |
| Case/Reference No: | Not Shown |
| Jurisdiction Served: | North Dakota |
| Date Served on CSC: | 09/17/2018 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | ND DOI on 09/14/2018 |
| How Served: | Certified Mail |
| Sender Information: | Vogel Law Firm<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com